IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff,**<br><br>    v.<br><br>**$16,000.00 IN UNITED STATES FUNDS,**<br>    **Defendant Property.** | : <br> : CASE NO.: 3:24-CV-128<br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1.  This is a civil action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: sixteen thousand dollars ($16,000.00) in United States funds, (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2.  The Defendant Property consists of a total of sixteen thousand dollars ($16,000.00) in United States funds, and was seized from James Len Ramey and Devin

Burchell, at 2420 Comer Road, Comer, Georgia, on or about June 30, 2024.  The Defendant Property is presently in the custody of the United States Marshals Service, having been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3.      Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District.  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Oglethorpe County, Georgia, which is a place within the Middle District of Georgia.

6.      After the seizure of the Defendant Property, the United States Department of Justice, Federal Bureau of Investigation ("FBI"), began administrative forfeiture

proceedings. On or about September 8, 2024, Devin Burchell, 2420 Comer Road, Comer, Georgia, filed an administrative claim for the Defendant Property with the FBI, after which the FBI referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7.  The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.  Since January 2024, agents with the FBI Athens Resident Office have been investigating the illegal drug activities of James Len Ramey ("Ramey") and other members of his drug trafficking organization operating in Athens, Georgia.

9.  The investigation led to the identification of a number of persons alleged to be involved in the distribution of controlled substances including, but not limited to: James Len Ramey, Christopher Bryan Hyatt, Kendell David Cawthorn, Bonterris Romans Turner, Demetrius Antonio Appling, Andrea Marie Robinson, Yuretzi Adame Gomez, Yirla Adame Gomez, Rafael Gomez Flores, Uriel Garcia, Jared Calhoun, and Ebony Jones-Tate.

10. Throughout the investigation, wire and electronic intercepts have shown a consistent pattern of Ramey and members of his drug trafficking organization possessing and distributing controlled substances.

11. Ramey worked at Rapid Lube & Rapid Tire ("Rapid Lube") in Athens, Georgia. From Rapid Lube, Ramey sold narcotics daily to his customers. Ramey received the methamphetamine that he sold from a source-of-supply in Mexico who he communicated with via WhatsApp. Ramey also occasionally sold cocaine.

12. As part of the investigation, an Alabama Bureau of Investigation (ABI) confidential informant (hereinafter "ABI-CI") was paired with an FBI-Athens confidential human source ("CHS") to conduct a number of controlled purchases of narcotics from Ramey through Christopher Bryan Hyatt ("Hyatt").

13. On January 19, 2024, ABI-CI accompanied by the CHS, purchased one kilogram of suspected methamphetamine from Ramey at the Rapid Lube for $2,750.00. The transaction was arranged by Hyatt over the phone.

14. On January 31, 2024, ABI-CI accompanied by the CHS, purchased one kilogram of suspected methamphetamine from Ramey at the Rapid Lube for $3,800.00.[1] The transaction was arranged by Hyatt over the phone.

15. On February 13, 2024, the CHS purchased one kilogram of suspected methamphetamine from Ramey at the Rapid Lube for $3,800.00. The transaction was arranged by Hyatt over the phone.

---

[1] The ABI-CI was provided with $6,600.00 in FBI funds to purchase the kilogram of suspected methamphetamine and to pay off a previous drug debt of $2,800.00.

4

16. On March 4, 2024, CHS purchased 1/2 kilogram of suspected methamphetamine and two ounces of suspected cocaine for $2,700.00 from Ramey in the driveway of a vacant house located next to Rapid Lube. The transaction was arranged by Hyatt over the phone.

17. On March 13, 2024, the CHS purchased two ounces of suspected cocaine from Ramey at the Rapid Lube for $1,600.00. The transaction was arranged by Hyatt over the phone.

18. On March 22, 2024, the CHS purchased 1/2 kilogram of suspected methamphetamine from Ramey at a vacant house next to the Rapid Lube for $2,200.00. The transaction was arranged by Hyatt over the phone.

19. On March 27, 2024, the CHS purchased one kilogram of suspected methamphetamine and two ounces of suspected cocaine from Ramey at Rapid Lube for $5,100.00. The transaction was arranged by Hyatt over the phone.

20. On May 2, 2024, the CHS purchased two kilograms of suspected methamphetamine from Ramey at Rapid Lube for $7,000.00. The transaction was arranged by Hyatt over the phone.

21. On June 12, 2024, the CHS purchased one kilogram of suspected methamphetamine from Ramey at Rapid Lube for $3,500.00.[2] The transaction was arranged by Hyatt over the phone.

---

[2] Hyatt told the CHS that the price for a kilogram of methamphetamine is $3,800.00, not $3,500.00, but they (Ramey and Hyatt) would front the $300.00 worth of drugs until the CHS could pay them during his next purchase.

22. On June 25, 2024, the CHS purchased 1/2 kilogram of suspected methamphetamine from Ramey at Rapid Lube for $2,200.00. The transaction was arranged by Hyatt over the phone.

23. On June 30, 2024, a Search Warrant was authorized by the Superior Court of the Northern Judicial Circuit of Georgia, for James Len Ramey's place of residence located at 2420 Comer Road, Comer, Georgia, and was executed on the same date. Prior to the execution of the Search Warrant, agents and additional law enforcement made contact with the owners of the residence, Devin Burchell ("Burchell") and Mary Grace Veach ("Veach"). Burchell and Veach were permitted to leave the residence, which was secured while the Search Warrant was being obtained.

24. During the search of the residence, agents discovered a safe inside a bedroom closet. Burchell was contacted by law enforcement via phone, and provided the code to unlock the safe. Inside the safe, agents found and seized a large amount of United States currency.

25. The Defendant Property seized by the FBI consisted of a total of sixteen thousand dollars ($16,000.00) in United States currency found inside a safe at the residence located at 2420 Comer Road, Comer, Georgia.

26. In July 2024, FBI Atlanta-Athens conducted a comparison between the serial numbers of the money seized from Ramey's residence to the serial numbers of the controlled buy money used to purchase narcotics from Ramey. The money seized from 2420 Comer Road, Comer, Georgia was processed through a digital money counter providing a spreadsheet of the serial numbers on each bill. A comparison of these serial

6

numbers revealed that ten (10) serial numbers used in the June 25, 2024, controlled purchase, were located inside the safe at Ramey's residence, in the bedroom occupied by Veach and Burchell.

27. On July 9, 2024, based on the investigation, an Indictment was returned by the Federal Grand Jury in Criminal Case Number: 3:24-CR-24 (TES), in the Middle District of Georgia, charging James Len Ramey, *inter alia*, with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine, and Possession with Intent to Distribute Methamphetamine.

28. On September 11, 2024, a Superseding Indictment was returned by the Federal Grand Jury in Criminal Case Number: 3:24-CR-24 (TES), in the Middle District of Georgia, charging James Len Ramey, *inter alia*, with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine, and Possession with Intent to Distribute Methamphetamine.

29. On December 6, 2024, the Government filed a Notice of Bill of Particulars for Forfeiture of Property specifically naming the Defendant Property as subject to forfeiture [MDGA Criminal Case Number: 3:24-CR-24 (TES), Doc. 166].

## *Conclusion*

30. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a

violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 9th day of December, 2024.

PETER D. LEARY
UNITED STATES ATTORNEY

BY:  */s/ Michael P. Morrill*
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2655
E-mail: Michael.Morrill@usdoj.gov